# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSEPH M. BUTLER, | ) | CASE NO. 5: 21 CV 981 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| LAURA SHAPIRA KARET, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) ) | |

## Background

*Pro se* plaintiff Joseph M. Butler has filed an *in forma pauperis* civil complaint in this case against Laura Shapira Karet ("Karet"), the Chief Executive Officer of Giant Eagle, Inc. ("Giant Eagle") (Doc. No. 1.) In his complaint, plaintiff alleges that Karet "implemented a policy requiring the wearing of facial coverings by all employees and customers" in Giant Eagle stores, and that this policy violates his "rights as secured in the ninth amendment to the federal Constitution; Article 1 Sections 1 and 20 of the Ohio Constitution," and a litany of federal and state criminal laws, including 18 U.S.C. §§ 241 and 242 pertaining to criminal offenses regarding civil rights. (*Id*. at 3-4.) He seeks $300,000 in damages and an injunction "against the [mask] policy." (*Id*. at 4.)

## Standard of Review and Discussion

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action

that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In assessing whether a complaint states a claim upon which relief may be granted, the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 667–79 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) apply. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[A]llegations that . . . are mere conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664; *see also Twombly*, 550 U.S. at 555 n. 3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.").

Upon review, the Court finds that plaintiff's complaint must be dismissed.

First, the complaint fails to allege any plausible constitutional claim against Karet. Karet is a private party, and only defendants who engage in state action may be liable for constitutional rights violations under the federal and Ohio Constitutions. *See, e.g., Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007) (to prevail on a federal constitutional claim under 42 U.S.C. § 1983, "Plaintiffs must demonstrate that Defendant deprived them of their rights, privileges, or immunities secured by the Constitution under color of state law") (internal citation omitted); *Jordan v. Giant Eagle Supermarket*, 2020 -Ohio- 5622, ¶ 57, 2020

WL 7258579, at *11 (Ohio App. 8 Dist., 2020) (affirming dismissal of claims asserted under the Ohio Constitution against Giant Eagle and Giant Eagle employees on the basis these defendants are not "state or governmental actors or entities"). A private party may not be sued for constitutional rights violations "no matter how discriminatory or wrongful" the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003), citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Although a private actor may liable for constitutional rights violations when its conduct can be said to be "fairly attributable to the state," *Romanski v. Detroit Entertainment, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947(1982)), plaintiff does not allege that Karet engaged in state action, nor has he alleged facts plausibly suggesting that her conduct may be found fairly attributable to the state action under any of the tests developed by the Supreme Court. *See Romanski*, 428 F.3d at 636 (discussing the public function, state compulsion, and symbiotic relationship tests).

Second, plaintiff's complaint fails to state a plausible claim and must be dismissed to the extent he purports to allege claims under the litany of federal and state criminal laws he cites in his complaint. Criminal statutes generally do not confer a private right of action, and courts do not "routinely, imply private rights of action in favor of the victims of violations of criminal laws." *Ohlendorf v. United Food & Commercial Workers International Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018). For instance, there is no private right of action under 18 U.S.C. §§ 241 and 242, two of the criminal laws under which plaintiff purports to seek relief from Karet. *See U.S. v. Oguaju*, 76 Fed. App'x 579, 581 (6th Cir. 2003) (district court "properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private

right of action under either of these criminal statutes").

Principles requiring generous construction of *pro se* pleadings are not without limits, and district courts are not required "to conjure up questions never squarely presented to them" or to construct full-blown claims for *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). *See also Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, . . . it . . . does not require a court to conjure allegations on a litigant's behalf."). The Court finds that plaintiff's complaint fails to state a claim against Karet under any of the litany of criminal laws he cites. He has not alleged facts sufficient to demonstrate she may be liable to him under any of those criminal laws, and he has made no attempt to link any of the laws to a viable civil cause of action.

## Conclusion

Accordingly, plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 4) is granted, and for the reasons stated above, his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/*Dan Aaron Polster*   8/17/2021
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE